UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MARVIN BERNABE CRUZ-RAMIREZ,
Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al.,
Respondents.

Case No.: 3:26-cv-05254-RBM-MMP

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 6]**

Before the Court is Petitioner Marvin Bernabe Cruz-Ramirez's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2241. (Doc. 6.) For the reasons below, the Court **GRANTS** the Amended Petition.

## I. BACKGROUND

### A. Factual Background

Petitioner, a citizen of Guatemala, entered the United States "with his father in 2019, when [Petitioner] was 17 years old." (*Id.* at 3.) "Immigration officers released [Petitioner] and his father into the country" on conditional parole issued under 8 U.S.C. § 1226(a). (*Id.*; Doc. 7 at 2.) Petitioner resided in this country continuously after being released; during that time, he applied for asylum and began working in Florida in the construction industry. (Doc. 6 at 3.) On June 30, 2026, Petitioner was detained by ICE officers while at work in Miami. (*Id.* at 4.) Petitioner was transferred to Otay Mesa Detention Center, where he remains today. (*Id.* at 4.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Fifth Amendment's Due Process Clause and 8 U.S.C. § 1357(a)(2)'s prohibition against warrantless arrests. (Doc. 6 at 4–9.) Respondents acknowledge that Petitioner is detained under § 1226(a) and "do[] not oppose the petition and defer[] to the Court on the appropriate relief." (Doc. 7 at 2.) In light of Respondents' non-opposition, and considering the Court's many Orders granting petitions like the one currently before it,[1] the Court **GRANTS** the Petition.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained,

---

[1] *See Perez v. LaRose*, Case No.: 3:25-cv-02620-RBM-JLB, 2025 WL 3171742, at *4–7 (S.D. Cal. Nov. 13, 2025); *Sarr v. Casey*, Case No.: 3:26-cv-02343-RBM-MSB, 2026 WL 1419635, at *2–3 (S.D. Cal. May 20, 2026); *Valente Fernandez v. Warden*, Case No.: 3:26-cv-03683-RBM-SBC, 2026 WL 2584991, at *3–4 (S.D. Cal. Sept. 1, 2026).

he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION

For the foregoing reasons, the Amended Petition (Doc. 6) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting parole.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[2]
3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[3]

**IT IS SO ORDERED.**

DATE: October 14, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

[3] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").